```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

STACY LEE WATTS,

                        Plaintiff,

vs.                                    Case No.  2:05-cv-199-FtM-29SPC

DON HUNTER; JANE MANNIX LATCHNER;
CHRISTOPHER FREEMAN; KEVIN M.
MCGOWAN,

                        Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #17) filed September 6, 2005 on behalf of Defendants Hunter, Latchner, Freeman, and McGowan (hereinafter "Defendants' Motion"). Plaintiff, after being granted an extension of time, filed a Response in Opposition to Defendants' Motion (Doc. #21) on October 27, 2005. This matter is now ripe for review.

**I.**

Plaintiff, while a pretrial detainee being held in the Collier County Jail, filed a *pro se* civil rights complaint form pursuant to 42 U.S.C. §1983 (hereinafter "Complaint," Doc. #1) on May 5, 2005. Plaintiff's Complaint complains of constitutional violations due to "overcrowded conditions" at the Collier County Jail. Complaint, Section VI, page 8. Plaintiff claims that the

overcrowding causes "suffering and emotional distress." Id. Plaintiff submits the following facts in support of his claim. Inmates are forced to sleep on the floor, which Plaintiff describes as "cold, filthy, [and] germ infested." Id., Section VII, p. 8. A fire hazard exists, because inmates would have to step over the inmates on the floor in the case of a fire to reach the fire exits. Id. A health hazard exists, because forty inmates use one "filthy" bathroom. Id. p. 8-9. Plaintiff states that he filed a formal grievance regarding the overcrowding issue on April 12, 2005, to which Defendant McGowan replied and admitted that the jail was overcrowded. Id. p. 9. Plaintiff attaches to his Complaint a copy of his April 12, 2005 Grievance and Defendant McGowan's April 13, 2005 Reply.

Plaintiff further claims in his Complaint that on April 18, 2005, as a result of the "negligence" of unidentified officers placing water coolers into each unit and permitting the inmates to place the coolers on the metal stairs, Plaintiff "slipped and fell" causing Plaintiff to sustain a "severe back and head injury." Id. p. 9. Plaintiff seeks monetary damages and mandamus relief. Id., Section VIII, p. 10.

Defendants seek dismissal of Plaintiff's Complaint on several grounds, including that Plaintiff failed to fully exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PRLA") with respect to the claims set forth in his Complaint. In particular, Defendants point out that

-2-

although Plaintiff filed a formal grievance regarding the jail's overcrowding, Plaintiff did not appeal the response he received to the general overcrowding issue, and never filed any grievance regarding the April 18, 2005 slip and fall incident that Plaintiff also includes in his Complaint.

The Court acknowledges that the grievance attached to Plaintiff's Complaint is dated April 12, 2005, some six days before the alleged slip and fall incident. The Court also takes judicial notice that the Collier County Sheriff's Office affords inmates

> the right to register a complaint regarding treatment, administrative procedures, policies, incidents, medical care, food, or other legitimate concerns.

Collier County Sheriff's Office, Jail Division Policy & Procedure Manual, Inmate Grievance procedure, 7.10-4. An inmate may initiate a complaint with jail officials either informally or formally. Id. 7.10-6. Additionally, an inmate has a right to an appeal a response to a grievance. In particular, Section 7.10-8, which governs inmate grievances, also provides: "Inmates dissatisfied with Supervisory level response may file an appeal to the Jail Administrator, or designee within fifteen (15) days of this response."

Here, Plaintiff does not dispute that he did not appeal his grievance, but instead argues that no appeal was necessary because Defendant admitted that the Collier County Jail is overcrowded so "Plaintiff is not required to go to the next step." Plaintiff's Response, p. 2 (Doc. #21).

**II.**

The Court must first determine whether Plaintiff's Complaint is barred by the PRLA before it address the merits of Plaintiff's suit. Boxer v. Harris, 437 F.3d 1107 (11th Cir. 2006). On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted.***

42 U.S.C. § 1997e(a)(emphasis added).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)). See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Thus, exhaustion as a pre-condition to suit is jurisdictional in nature. Id. The Court is required to enforce this requirement *sua sponte*. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).

The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or

some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought--i.e. monetary damages-- is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326)); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

The PLRA's exhaustion requirement has three main purposes: 1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford, 126 S. Ct. at 2387; 2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," Id. (citing Porter v. Nussle, 534 U.S. at 525); and 3) to "'reduce the quantity and improve the quality of prisoner suits.'" Id. (citing Porter, at 524).

"[T]he PLRA exhaustion requirement requires **proper** exhaustion." Woodford, 126 S. Ct. at 2387 (emphasis added). In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit noting the "policies favoring exhaustion" held that the PLRA contains a procedural default component where an inmate fails

to avail himself in a timely fashion of the institution's administrative process. Id. at 1156.  Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

### III.

Based upon review of Plaintiff's Complaint, the attached April 12, 2005 Grievance and Defendant McGowan's April 13, 2005 Reply, it is clear that Plaintiff has failed to properly exhaust his available administrative remedies. Woodford, 126 S. Ct. at 2387. Plaintiff did not file any grievance with respect to the April 18, 2005 slip and fall incident, and did not file an appeal in connection with his April 12, 2005 Grievance concerning the general overcrowding issue.  Contrary to Plaintiff's contention, Defendant McGowan's Reply does not admit to any constitutional violation.   Rather, the Reply concedes that the jail is overcrowded. Overcrowding of inmates in a prison is not per se unconstitutional. Castillo v. Cameron County , Tex., 238 F.3d 339 (5th Cir. 2001). Defendant McGowan expressly denies that the overcrowding is "prevent[ing] or exclud[ing] any activity." See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (finding that deprivations denying "the minimal civilized measure of life's

necessities" which are sufficiently grave to form the basis of an Eighth Amendment violation are required to find overcrowding unconstitutional). Consequently, because Plaintiff was required to fully and properly exhaust his available administrative remedies and failed to do so, the Court is barred by the PLRA from considering the merits of Plaintiff's claim.

Accordingly, it is now

**ORDERED:**

1.   Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #17) is **GRANTED,** to the extent that this case is **DISMISSED WITHOUT PREJUDICE.**

2.   The Clerk of the Court shall: (1) enter judgment dismissing this case without prejudice; (2) terminate any pending motions; and, (3) shall close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __17th__ day of July, 2006.

JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record